**Elmer M. Dickens**, OSB No. 980484
Sr. Assistant County Counsel
*Elmer_dickens@co.washington.or.us*
**Kimberly A. Stuart**, OSB No. 054685
Sr. Assistant County Counsel
*Kimberly_stuart@co.washington.or.us*
Office of Washington County Counsel
155 N First Avenue, Suite 340, MS #24
Hillsboro, OR 97124
Phone (503) 846-8747 | Fax (503) 846-8636
Attorneys for Respondent Sheriff Pat Garrett

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VERNON LEE RASMUSSEN,<br><br>    Petitioner,<br><br> v.<br><br>Sheriff PAT GARRETT,<br>Washington County Sheriff,<br><br>    Respondent. | No. 3:20-cv-00865-IM (Lead Case)<br>No. 3:20-cv-00889-IM (Trailing Case)<br>No. 3:20-cv-00899-IM (Trailing Case)<br>No. 3:20-cv-00901-IM (Trailing Case)<br>No. 3:20-cv-00912-IM (Trailing Case)<br><br>**RESPONDENT SHERIFF PAT GARRETT'S NOTICE OF SUPPLEMENTAL AUTHORITY** |
| ERIC RANEY,<br><br>    Petitioner,<br><br> v.<br><br>Sheriff PAT GARRETT,<br>Washington County Sheriff,<br><br>    Respondent. | |

| |
|---|
| JAYSON ROBERT MEE,<br><br>      Petitioner,<br><br> v.<br><br>Sheriff PAT GARRETT,<br>Washington County Sheriff,<br><br>      Respondent. |
| JULIO VILLEDA,<br><br>      Petitioner,<br><br> v.<br><br>Sheriff PAT GARRETT,<br>Washington County Sheriff,<br><br>      Respondent. |
| AARON GILLIHAN,<br><br>      Petitioner,<br><br> v.<br><br>Sheriff PAT GARRETT,<br>Washington County Sheriff,<br><br>      Respondent. |

  Respondent Pat Garrett, through his undersigned attorneys, offers the supplemental authority, attached as Exhibit 1, in support of Respondent's Response to Consolidated Petitions for Writ of Habeas Corpus (ECF No. 17). The authority, *U.S. v. Fidler*, 419 F.3d 1026 (9th Cir. 2005), is offered in support of Respondent's arguments that release orders that involve bail

Page **2** of **3** – **NOTICE OF SUPPLEMENTAL AUTHORITY**

amounts that the incarcerated individuals cannot pay are nonetheless proper unless clearly erroneous based on the evidence presented.

DATED: August 3, 2020.

        *s/Elmer M. Dickens*
Elmer M. Dickens, OSB No. 980484
Sr. Assistant County Counsel
*Elmer_dickens@co.washington.or.us*
Kimberly A. Stuart, OSB No. 054685
Sr. Assistant County Counsel
*Kimberly_stuart@co.washington.or.us*
Attorney for Respondent Sheriff Pat Garrett

**U.S. v. Fidler, 419 F.3d 1026 (2005)**
2005-1 Trade Cases P 74,888, 05 Cal. Daily Op. Serv. 7280...

419 F.3d 1026
United States Court of Appeals,
Ninth Circuit.

UNITED STATES of America,
Plaintiff-Appellee,
v.
Sheldon FIDLER,
Defendant-Appellant.

No. 05-50444.
|
Argued and Submitted July 21, 2005.[*]
|
Filed Aug. 16, 2005.

**Synopsis**
**Background:** Defendant was charged with criminal contempt. The United States District Court for the Central District of California, Audrey B. Collins, J., set aside magistrate's order and entered order of pretrial release subject to execution of $300,000 bond secured by real property and, Collins, J., denied defendant's motion for review and modification of bail. Defendant appealed.

**[Holding:]** The Court of Appeals, held that order granting defendant pretrial release upon posting of $300,000 bond did not violate statute providing that bail may not be used to deny release.

Affirmed.

West Headnotes (2)

[1]   **Bail** ⟶ Amount of Bail

District court order granting defendant pretrial release upon posting of $300,000 bond secured by real property did not violate statute providing that bail may not be used to deny release, even though defendant was unable to comply with financial condition resulting in his detention; detention was not based solely on defendant's inability to meet financial condition, but on determination that amount of bond was necessary to assure defendant's attendance at trial based on defendant's alleged appropriation of frozen assets in violation of court order, size and scope of defendant's alleged scam, and risk that defendant may intimidate or threaten prospective witnesses or jurors. 18 U.S.C.A. § 3142(c)(2).

12 Cases that cite this headnote

[2]   **Criminal Law** ⟶ Bail

Factual findings underlying a district court's pretrial release or detention order, including whether a defendant

Exhibit 1
Page 1

**U.S. v. Fidler, 419 F.3d 1026 (2005)**
2005-1 Trade Cases P 74,888, 05 Cal. Daily Op. Serv. 7280...

is a flight risk or a danger to the public, are reviewed under the clearly erroneous standard, coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld.

12 Cases that cite this headnote

**Attorneys and Law Firms**

*1026 Jill K. Ginstling, Deputy Federal Public Defender, and Myra Sun, Deputy Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for the defendant-appellant.

Ellyn Marcus Lindsay, Assistant United States Attorney, United States Attorney's Office, Los Angeles, CA, for the plaintiff-appellee.

Appeal from the United States District Court for the Central District of California; Audrey B. Collins, District Judge, Presiding. D.C. No. CR-05-00335-ABC-01.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

**Opinion**

PER CURIAM:

Appellant Sheldon Fidler ("Fidler") appeals, pursuant to 18 U.S.C. § 3145(c), a district court order denying his motion to modify the bail condition in his release order pending trial in this criminal case. *1027 Although the district court earlier granted Fidler bail pending trial, he remains in custody because he is unable to meet the financial condition that he post a $300,000 bond secured by deeding of real property. Fidler contends that the district court's order and his continued custody violate various provisions of the bail statute, 18 U.S.C. § 3142. We write to clarify the procedural and substantive requirements that obtain when a defendant is detained pending trial based on his inability to meet a financial condition of release imposed by the district court.

I

The Federal Trade Commission brought a civil enforcement action against Fidler in the Central District of California, alleging that he and others engaged in a fraudulent business opportunity scam, which allegedly resulted in over $30 million of losses for the victims. The district court in the civil case entered an order freezing Fidler's assets, including all of his bank accounts, and directing Fidler not to remove or transfer money from any account. It is alleged in the criminal case that Fidler and his wife, in violation of the civil order, engaged in a complicated series of transfers of approximately $90,000 from one of their accounts to various friends and relatives, who then gave the money to Fidler and his

Case 3:20-cv-00865-IM   Document 21   Filed 08/03/20   Page 6 of 10

U.S. v. Fidler, 419 F.3d 1026 (2005)
2005-1 Trade Cases P 74,888, 05 Cal. Daily Op. Serv. 7280...

wife, who in turn then spent approximately $70,000 dollars of it on bills and a gambling trip to Las Vegas. Fidler and his wife later turned over $20,000 to the receiver in the civil case when the transfers were discovered.

Fidler and his wife were charged in a single-count indictment with criminal contempt in violation of 18 U.S.C. § 401(3). At the initial detention hearing, Magistrate Judge Woehrle ordered, over the government's objections, that Fidler be released, subject to a number of conditions, including home detention with electronic monitoring and an unsecured $100,000 appearance bond signed by Fidler. Magistrate Judge Woehrle stayed the order pending the government's appeal to District Court Judge Schiavelli, who was the criminal duty-judge.

In that appeal, the government contended that Fidler should be detained because of the risk of flight and the danger he posed to the community. Judge Schiavelli denied the government's request but found that concerns regarding Filder's past contempt conviction, the nature of the instant alleged offense, and several hostile and possibly threatening statements Fidler had made to people involved in the civil action warranted increasing the financial condition. Thus, Judge Schiavelli vacated the unsecured $100,000 bond condition and imposed in its place a requirement that Fidler post a $300,000 bond secured by property.

Approximately two months later, after the indictment was filed and the case was assigned to District Judge Collins, Fidler, who was in custody because he had not posted the $300,000 bond, moved for review of the bail order. Fidler asked the district court to change the bond condition to a $110,000 bond secured by cash to be posted by three of his relatives. The government opposed the motion, contending that the proposed condition was insufficient. After a hearing in which both Fidler's counsel and the Government participated, the district court denied the motion for review and modification of bail. Fidler, who remains in custody because he has not satisfied the $300,000 bond condition, has timely appealed that decision.

II

[1] According to 18 U.S.C. § 3142(a), the district court has four options regarding whether to release or detain a defendant *1028 pending trial. The court must order that the person be: (1) released on personal recognizance or an unsecured appearance bond; (2) released on conditions that are determined to be the least restrictive conditions that will reasonably assure the defendant's appearance and the safety of the community; (3) temporarily detained to permit revocation of release, deportation or exclusion; or (4) detained pending trial. If the district court orders that the defendant be released subject to conditions, the statute specifically prohibits the court from "impos[ing] a financial condition that results in the pretrial detention of the [defendant]." 18 U.S.C. § 3142(c)(2). This provision was intended to prevent the practice of "de facto

**U.S. v. Fidler, 419 F.3d 1026 (2005)**
2005-1 Trade Cases P 74,888, 05 Cal. Daily Op. Serv. 7280...

preventative detention," where a judge could in effect issue a detention order without a proper finding of risk of flight or danger to the community by granting bail but setting an exorbitant financial condition that the defendant could not meet. *United States v. Westbrook,* 780 F.2d 1185, 1187 n. 3 (5th Cir.1986).

Several other circuits have addressed the apparent violation of § 3142(c)(2) that arises when, as in Fidler's case, a defendant is granted pretrial bail, but is unable to comply with a financial condition, resulting in his detention. It may appear that detention in such circumstances always contravenes the statute. We agree, however, with our sister circuits that have concluded that this is not so. *See Westbrook,* 780 F.2d at 1188-89; *United States v. McConnell,* 842 F.2d 105, 108-09 (5th Cir.1988); *United States v. Szott,* 768 F.2d 159, 160 (7th Cir.1985) (per curiam); *United States v. Wong-Alvarez,* 779 F.2d 583, 585 (11th Cir.1985) (per curiam) *United States v. Jessup,* 757 F.2d 378, 388-89 (1st Cir.1985), *abrogated on other grounds by United States v. O'Brien,* 895 F.2d 810 (1st Cir.1990). These cases establish that the de facto detention of a defendant under these circumstances does not violate § 3142(c)(2) if the record shows that the detention is not based solely on the defendant's inability to meet the financial condition, but rather on the district court's determination that the amount of the bond is necessary to reasonably assure the defendant's attendance at trial or the safety of the community. This is because, under those circumstances, the defendant's detention is "not because he cannot raise the money, but because without the money, the risk of flight [or danger to others] is too great." *Jessup,* 757 F.2d at 389.

### A

Although the practical result of a release order that imposes a bond that the defendant is unable to post is the same as that of a detention order imposed under § 3142(e), from a procedural standpoint the two circumstances are quite different. Section 3142(c), which governs the procedures for issuing a release order, does not direct that a full hearing following the guidelines set out in § 3142(f) be held either before or after the release order is issued. By way of contrast, § 3142(e), which governs the procedures for issuing detention order, explicitly requires a detention hearing to be held "pursuant to the provisions of [§ 3142(f) ]."

Once a release order has been issued under § 3142(c), the defendant may either appeal the order directly to the Court of Appeals under § 3145(c) or file a motion with the district court for reconsideration or review. If the defendant chooses the latter course and the judicial officer declines to revise the amount of the bond,[1] then the defendant may appeal that decision under § 3145(c).

**\*1029** B

[2] Factual findings underlying a district

**U.S. v. Fidler, 419 F.3d 1026 (2005)**
2005-1 Trade Cases P 74,888, 05 Cal. Daily Op. Serv. 7280...

court's pretrial release or detention order, including whether a defendant is a flight risk or a danger to the public, are reviewed under the clearly erroneous standard, "coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld." See *United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir.1991); *United States v. Donaghe,* 924 F.2d 940, 945 (9th Cir.1991); *Marino v. Vasquez,* 812 F.2d 499, 509 (9th Cir.1987). Because under § 3145(c) a defendant can appeal the initial release order directly *or* file a motion for reconsideration of the order and then appeal that decision (as Fidler did in this case), we apply the same scrutiny and standard of review to both procedural postures.

The $300,000 bail condition was affirmed by Judge Collins after: (1) her consideration of Fidler's written motion, the Government's response and the Pretrial Services' report recommending that the bond remain as set; (2) a hearing in which Fidler's counsel and the Government both participated; and (3) her independent review of the record of proceedings before Judge Schiavelli and Magistrate Judge Woehrle. The evidence presented included Fidler's previous contempt conviction, his alleged appropriation of frozen assets in violation of a court order, the duplicitous nature of the alleged offense, the size and scope of the alleged scam, several alleged hostile and possibly threatening statements Fidler had made to people involved in the civil action, and the real risk that he might intimidate or threaten prospective witnesses or jurors. After considering the evidence, which she characterized as "extremely strong" and "extremely serious," Judge Collins found that it supported the conclusion that Fidler "is a danger to the community by clear and convincing evidence and that he's a flight risk by a preponderance of the evidence." She further found that the $300,000 appearance bond "is necessary given that the Defendant, in this Court's view, has shown he's not willing to abide by the decrees of the Court in a civil case [and] is a flight risk."

Based upon our independent review of the facts, the findings and the record, and our duty to defer to the findings of the district court unless they are "clearly erroneous," we conclude that the decision to deny defendant's motion for review and modification of his release order was proper.

The decision of the district court is

**AFFIRMED.**

**All Citations**

419 F.3d 1026, 2005-1 Trade Cases P 74,888, 05 Cal. Daily Op. Serv. 7280, 2005 Daily Journal D.A.R. 9927

Footnotes

| | |
|---|---|
| * | This case was decided without oral argument pursuant to Fed. R.App. P. 27(e). |
| 1 | We note that the language of the statute does not require a detention hearing once the defendant has demonstrated his inability |

**U.S. v. Fidler, 419 F.3d 1026 (2005)**
2005-1 Trade Cases P 74,888, 05 Cal. Daily Op. Serv. 7280...

to post a bond determined to be a necessary condition to his release. Section 3145(a) sets out the proper recourse for review of a release order, which is that "the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release" and directs only that "[t]he motion shall be determined promptly," without requiring that the court hold a formal hearing.

---

End of Document © 2020 Thomson Reuters. No claim to original U.S. Government Works.

Exhibit 1
Page 6

# CERTIFICATE OF SERVICE

       I certify that on August 3, 2020 I served a true and correct copy of each of the documents listed below on the following attorneys and parties by one of the following methods as designated for each recipient of service below:

| | |
|---|---|
| Mail | First class mail plainly addressed as shown and deposited, postage fully prepaid, on August 3, 2020, with the U.S. Postal Service for delivery. |
| Mail | Certified. |
| Fax | Facsimile. |
| Personal | Hand delivery directly to such person. |
| Office | Hand delivery to a clerk or person apparently in charge of such person's office. |
| Home | Hand delivery to a resident over 14 years of age at such person's residence. |
| ECF | Electronic filing with the Court. |

Persons Served:

| Name and Address | Attorney for | Service Method(s) |
|---|---|---|
| **Charles Gerstein**<br>1601 Connecticut Ave NW, Suite 800<br>Washington, DC 20009 | Petitioner | ECF |
| **Jesse A. Merrithew**<br>**Viktoria Safarian**<br>Levi Merrithew Horst PC<br>610 SW Alder St., Suite 415<br>Portland, OR 97205 | Petitioner | ECF |

Documents:

| |
|---|
| NOTICE OF SUPPLEMENTAL AUTHORITY |

                          *s/Elmer M. Dickens*
                          ELMER M. DICKENS, OSB #980484
                          Sr. Assistant County Counsel
                          elmer_dickens@co.washington.or.us
                          Of Attorney for Respondent

20-7594